Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

*Attorney for Plaintiff*

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

Debtor.

CHAPTER _____

CASE NUMBER

ADVERSARY NUMBER

Plaintiff(s),

vs.

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑ **255 East Temple Street, Los Angeles**

❑ **411 West Fourth Street, Santa Ana**

❑ **21041 Burbank Boulevard, Woodland Hills**

❑ **1415 State Street, Santa Barbara**

❑ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

# F 7004-1

Summons and Notice of Status Conference - *Page 2*    **F 7004-1**

| In re | CHAPTER __13__ |
|---|---|
| **Francisco Ramon Najarro** **Francisca Ardon** Debtor. | CASE NUMBER 2:09-bk-25048-VZ |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3250 Wilshire Blvd., Ste 1500, Los Angeles, CA 90010

The foregoing document described __Summons and Notice of Status Conference Complaint, Pre-Status Conference Instructions w/ Exhibit A and Notice Required Compliance under 7026__ will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On ____**September 1, 2010**____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant/Creditor: Chase Home Equity, 3415 Vision Drive, Columbus, OH 43219**
**Defendant/Creditor: Chase Home- Attn: Mike Messerly- Chase Finance, 8333 Ridgeport Drive, Floor 01, Irving, TX 75063--5812**

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **September 1 , 2010** | **Moises Lopez** | _Moises Lopez_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*January 2009 (COA-SA)*    **F 7004-1**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re | CHAPTER **13** |
|---|---|
| **Francisco Ramon Najarro**<br>**Francisca Ardon**                                    Debtor. | CASE NUMBER **2:09-bk-25048-VZ** *Adv No. 10- 02600-VZ* |

## ADDITIONAL SERVICE INFORMATION (if needed):

FRANCISCO RAMON NAJARRO AND
FRANCISCA ARDON
3354 THELMA AVE
LOS ANGELES, CA 90032

L. BISHOP AUSTIN
L. BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD., STE 1500
LOS ANGELES, CA 90010

CHAPTER 13 TRUSTEE NANCY K CURRY
606 S. OLIVE ST # 950
LOS ANGELES, CA 90014

FIRST MORTGAGE CREDITOR:
BAC HOME LOANS SERVICING, LP
4500 PARK GRANADA
PRESIDENT OR GENERAL DIRECTOR
CALABASAS, CA 91302

SECOND MORTGAGE CREDITOR:
WASHINGTON MUTUAL
ATTENTION: BANKRUPTCY DEPT. JAXA 2
7255 BAY MEADOWS WAY
JACKSONVILLE, FL 32256

SECOND MORTGAGE CREDITOR:
WASHINGTON MUTUAL MORTGAGE
7255 BAY MEADOWS WAY
JACKSONVILLE, FL 32256

SECOND MORTGAGE CREDITOR:
JPMORGAN CHASE BANK
1111 PLOARIS PARKWAY
COLUMBUS, OH 43240

SECOND MORTGAGE CREDITOR:
JPMORGAN CHASE BANK
AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
818 WEST SEVENTH STREET
LOS ANGELES, CA 90017

SECOND MORTGAGE CREDITOR:
JPMORGAN CHASE BANK
AGENT FOR SERVICE OF PROCESS
THERESA M MARCHLEWSKI
9200 OAKDALE AVENUE
CHATSWORTH, CA 91311

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

**F 7004-1**

*January 2009 (COA-SA)*

Best Case Bankruptcy

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Revised 7/06

## PRE-STATUS CONFERENCE INSTRUCTIONS

1.	Pursuant to Local Bankruptcy Rule 7016-1(a)(2), all parties <u>shall</u> file a Joint Status Report at least fourteen (14) days before the date set for each Status Conference.  The Joint Status Report shall conform to **Exhibit "A"** attached to these instructions.  Use of the form attached as **Exhibit "A"** is <u>mandatory</u>.  Failure to use the form in **Exhibit "A"** may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to **Exhibit "A"**.

2.	A copy of these instructions shall be attached to every copy of the complaint served upon a party, and the <u>affidavit of service must state that these instructions as well as a copy of the summons and complaint and, if applicable, a copy of the Debtor Assistance Program Notice was served</u>.

3.	If no response to the complaint is timely filed, (1) plaintiff should file a request for entry of default by the clerk and a default judgment hearing date will be set at the Status Conference (the party should be prepared to propose an appropriate date to Judge Zurzolo based on Judge Zurzolo's self-calendaring procedure) and (2) no later than ten (10) days prior to the Status Conference plaintiff must file a Unilateral Status Report **(**completing Sections A, B and C of **Exhibit "A")** and a declaration setting forth the attempts made by plaintiff to contact or obtain the cooperation of the defendant as required by LBR7016-1(a).  For self calendaring dates, visit the Court's website at <u>www.cacb.uscourts.gov</u> :
>	* Click "**Information**"
>	* Under "**Judges**", click "**Zurzolo, V.**"
>	* Click **"Forms/Instructions/Procedures/Self-Calendaring**"
>	* Under **Self Calendaring**, click "**Hearing Calendar for 2006**"
>	and/or "**Instructions and Key for Self-Calendar**"

4.	During the Status Conference, it will be decided whether a pre-trial order should be required or a pre-trial conference should be set.

5.	During the Status Conference, the Court shall set a trial or a pre-trial conference.  The parties should be prepared to state whether they will agree to try the adversary proceeding by declaration in lieu of oral testimony.

6.	If one or more parties dispute whether the adversary proceeding is core within the meaning of 28 U.S.C. § 157(b), the party/parties disputing that the proceeding is core shall file and serve a memorandum of points and authorities and evidence in support of their positions fourteen (14) court days before the Status Conference.  Any reply must be filed at least seven (7) court days before the Status Conference. The Court will resolve this dispute at the Status Conference.  If any party fails to comply timely with these instructions, that failure shall be deemed a consent to a determination that the proceeding is core within the meaning of 28 U.S.C. § 157(b).

Revised 7/06

7.      If one or more parties dispute the jurisdiction of this Court, the party/parties disputing jurisdiction shall file and serve a memorandum of points and authorities and evidence in support of their positions at least fourteen (14) court days prior to the Status Conference.  Any response shall be filed and served no later than seven (7) court days prior to the Status Conference.  The Court will resolve this dispute at the Status Conference.  If the objecting party does not timely file and serve its papers, that failure shall be deemed a consent to whatever determination the Court makes.

8.      If one or more parties dispute whether a party has a right to a jury trial, the disputing party/parties shall file and serve a memorandum of points and authorities and evidence in support of their positions at least fourteen (14) court days prior to the Status Conference.  Any response shall be filed and served no later than seven (7) court days prior to the Status Conference.  The Court will resolve this dispute at the Status Conference.  If the objecting party does not timely file and serve its papers, that failure shall be deemed a consent to whatever determination the Court makes.

9.      Please take note that extensions of time to respond to a pleading are ineffective by stipulation of the parties absent court approval.  Requests to extend the response deadline to a date within five (5) days of the hearing date will likely be denied unless the hearing date is continued to a date which permits the Court adequate time to review and consider the pleadings.

10.      Please also take note that requests to continue a hearing will not be granted unless adequate cause for the continuance is stated in the request. Merely discussing settlement is inadequate cause and unless a settlement is reached prior to the hearing date, the parties must comply with all applicable filing deadlines.  If the parties have settled, a hearing may be continued to allow for execution and filing of the written settlement if (1) the request for continuance contains a copy of the settlement or a substantial recitation of its terms and (2) the request for a continuance is filed at least two (2) court days prior to the hearing date.  Generally, if a Respondent/Defendant is not represented by an attorney, an appearance by the Respondent/Defendant will be required.

VINCENT P. ZURZOLO
United States Bankruptcy Judge

Revised 7/06

# EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** | **BK. No. LA** <br> **Adv. No. LA** |
| | **Chapter** |
| **Debtor(s).** | |
| | ☐ **JOINT STATUS REPORT** <br> ☐ **UNILATERAL STATUS REPORT** <br> **FOR ADVERSARY PROCEEDING** |
| **Plaintiff(s),** | **LOCAL BANKRUPTCY RULE 7016-1(a)(2)** |
| **v.** | |
| **Defendant(s).** | **DATE:** <br> **TIME:** <br> **PLACE:** |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE _____. In accordance

with Local Bankruptcy Rule ("LBR") 7016-1(a)(2), the party/parties submit the following ☐ JOINT STATUS REPORT

or ☐ UNILATERAL STATUS REPORT:

A.     **SERVICE/SUMMONS:**

1. Have all parties been served?                                                                    ☐ YES  ☐ NO

2. Has Plaintiff filed a declaration of service stating that the Pre-Status Conference Instructions, summons,

Revised 7/06

complaint and, if applicable, Debtor Assistance Program Notice was served?   ☐ YES ☐ NO

      If yes, go on.  If no, why not?  Please explain:

B.     **RESPONSIVE PLEADINGS:**

    1. Did all defendants timely file a plain answer (i.e. no counterclaims) to the complaint?  ☐ YES ☐ NO

      If yes, go to Section D.  If no responsive pleading was filed proceed to Section C, otherwise continue.

    2. If any defendant's answer includes counterclaims, are any parties other than Plaintiff included as defendants

to the claims?   ☐ YES ☐ NO

    3. If counterclaims have been filed, have all counterdefendants responded to the counterclaims?

                                                         ☐ YES ☐ NO

      If no, what is the response deadline to the countercomplaint?

    4. Did any defendant filed a 12(b) motion or other such responsive pleading?   ☐ YES ☐ NO

      If yes, please identify the responsive pleading(s) filed and the date(s) of the hearing(s) on the

responsive pleading(s):

C.     **DEFAULT**

    1. If any defendant has not responded timely, has plaintiff requested entry of default?   ☐ YES ☐ NO

      If no, why not?  Please explain:

    2. If default has been requested, has it been entered?   ☐ YES ☐ NO

      If no, why not?  Please explain:

    3. If default has been entered has plaintiff scheduled a motion for default judgment?   ☐ YES ☐ NO

      If no, please explain why not and state a proposed date for a hearing on a motion for default judgment:

D.     **FEDERAL RULE OF CIVIL PROCEDURE ("FRCP") 26(A), (F) AND LBR 7016-1(A)(2)**

     **COMPLIANCE:**

    1. The parties certify that they met and discussed the nature and basis of the claims and defenses.

      Plaintiff:   ☐ YES ☐ NO

      Defendant:   ☐ YES ☐ NO

H:\common\vz\forms\instructions\**PRESTATCONFERENCE** 2

Revised 7/06

2.  The parties certify that they have exchanged documents.

       Plaintiff:                                                     ☐ YES  ☐ NO

       Defendant:                                                 ☐ YES  ☐ NO

3.  The parties certify that they have exchanged witness lists.

       Plaintiff:     ☐ YES  ☐ NO

       Defendant:     ☐ YES  ☐ NO

4.  The parties certify that they have exchanged other evidence as required by Rule 26(a)(1).

       Plaintiff:     ☐ YES  ☐ NO

       Defendant:     ☐ YES  ☐ NO

5.  The parties certify that they have made the disclosures required by Rule 26(a)(1)(C) and (D) where

applicable.

       Plaintiff:     ☐ YES  ☐ NO

       Defendant:     ☐ YES  ☐ NO

6.  The parties certify that they have discussed settlement.

       Plaintiff:     ☐ YES  ☐ NO

       Defendant:     ☐ YES  ☐ NO

7.  The parties certify that they have proposed a joint discovery plan.

       Plaintiff:     ☐ YES  ☐ NO

       Defendant:     ☐ YES  ☐ NO

8.  If any party answered no to any of the prior six (6) questions, please explain the reason(s):

E.  **DISCOVERY (FRCP 26(f))**:

**A Discovery Plan should be prepared and attached to this status report if it cannot be described below.**

1. Do the parties believe that changes should be made in the timing, form or requirement for disclosures under

Rule 26(a)?

       Plaintiff:     ☐ YES  ☐ NO

H:\common\vz\forms\instructions\**PRESTATCONFERENCE**

Revised 7/06

Defendant:                                                                          ☐ YES  ☐ NO

If any party answered yes, please explain the reason(s):

2. List the form(s) of discovery each party will propound.

Plaintiff:

Defendant:

3. Do the parties anticipate any unusual discovery issues?

Plaintiff:                                                                           ☐ YES  ☐ NO

Defendant:                                                                          ☐ YES  ☐ NO

If any party answered yes, please identify the issues and explain the reason(s) for them:

4. Date by which each party expects to complete their discovery efforts:

Plaintiff:

Defendant:

F.    **SETTLEMENT:**

1. Do all parties request a judge to aid in settlement? If either party indicates "no", go to question 3.

Plaintiff                                                                           ☐ YES  ☐ NO

Defendant                                                                          ☐ YES  ☐ NO

2. Do all parties request the trial judge to aid in settlement?    If yes and if applicable, please name the judge(s)

of this Court that the parties would like to participate in settlement efforts:

**PLAINTIFF**      ☐ YES  ☐ NO                    **DEFENDANT**  ☐ YES  ☐ NO

(1)                                               (1)
(2)                                               (2)
(3)                                               (3)

3.  Do all parties seek any other type of mediation, arbitration, etc.?  If both indicate yes, list the types.

**PLAINTIFF**      ☐ YES  ☐ NO                    **DEFENDANT**  ☐ YES  ☐ NO

(1)                                               (1)
(2)                                               (2)

H:\common\vz\forms\instructions\**PRESTATCONFERENCE**         4

Revised 7/06

G.   **PRE-TRIAL:**

In most adversary proceedings, it is necessary to prepare a joint pre-trial stipulation and appear at a pre-trial

conference.

1.  Date after which the pre-trial conference should be set:

Plaintiff:

Defendant:

2.  Do you believe you can go directly to trial without a pre-trial stipulation and/or conference?

Plaintiff:                                                                    □ YES  □ NO

Defendant:                                                                  □ YES  □ NO

If either party answered yes, please state why:

H.   **OTHER PROPOSED DEADLINES:**

1.  Proposed date by which all motions except motions to exclude evidence or approve a settlement must be

filed, set and heard:

Plaintiff:

Defendant:

2.  Proposed deadline for amendment of pleadings and/or joinder of parties (any order permitting amendment or

joinder must be entered by this date):

Plaintiff:

Defendant:

3.  Are there any other deadlines which the parties wish the Court to set:

Plaintiff:                                                                    □ YES  □ NO

Defendant:                                                                  □ YES  □ NO

If either party states yes, please identify the proposed subject and timing of the deadline:

H:\common\vz\forms\instructions\**PRESTATCONFERENCE**                5

Revised 7/06

I.      **MISCELLANEOUS**

1. Do you dispute the jurisdiction of this Court?

      Plaintiff:                                                                    ☐ YES  ☐ NO

      Defendant:                                                                  ☐ YES  ☐ NO

2. Do you dispute any party's allegation regarding the core/non-core nature of the adversary proceeding?

      Plaintiff:                                                                    ☐ YES  ☐ NO

      Defendant:                                                                  ☐ YES  ☐ NO

3. Do you dispute the asserted claim of any party to the right to a jury trial?

      Plaintiff:                                                                    ☐ YES  ☐ NO

      Defendant:                                                                  ☐ YES  ☐ NO

4. If a party answered yes to any of the above three (3) questions, has the party answering yes prepared a

memorandum of points and authorities and supporting evidence detailing their position, which memorandum is to be

filed fourteen (14) days prior to the Status Conference?                          ☐ YES  ☐ NO

5. Are there any other unusual issues of which the Court should be aware?          ☐ YES  ☐ NO

      If yes, please explain:

Respectfully submitted,

DATED:                              FIRM NAME: _____

                         NAME: _____

                         ATTORNEY FOR: _____


DATED:                              FIRM NAME: _____

                         NAME: _____

                         ATTORNEY FOR: _____

L. Bishop Austin, SBN 175497
L. BISHOP AUSTIN & ASSOCIATES
3250 Wilshire Blvd., Ste 1500
Los Angeles, CA 90010
Telephone: (213)388-4939
Facsimile: (213)388-2411
Email: lbishopbk@yahoo.com

Attorney for Debtor(s)/Movant(s)

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE* | ) Chapter 13 |
| | ) Case No. 2:09-BK-25048-VZ |
| FRANCSICO RAMON NAJARRO AND | ) Adversary No.: 2:10-ap-02600-VZ |
| FRANCISCA ARDON | ) |
| | ) **NOTICE OF REQUIRED COMPLIANCE** |
| Debtor(s) | ) **WITH FEDERAL RULE OF** |
| | ) **BANKRUPTCY PROCEDURE 7026 AND** |
| | ) **LOCAL BANKRUPTCY RULE 7026-1** |
| FRANCSICO RAMON NAJARRO AND | ) |
| FRANCISCA ARDON | ) DATE:    10/28/2010 |
| | ) TIME:    10:00 AM |
| Plaintiff(s) | ) PLACE: Courtroom 1368 |
| | )              Roybal Federal Bldg. |
| | )              255 E Temple St |
| v. | )              13th Floor |
| | )              Los Angeles, CA 90012 |
| JPMorgan Chase aka Washington Mutual, its | ) |
| assignees and/or successors in interests | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

PLEASE TAKE NOTICE that compliance with Federal Rule of Bankruptcy Procedure 7026 and

Local Bankruptcy Rule 7026-1 is required. Copies of both rules are attached hereto along with a

document setting forth pre-status conference instructions.

~ 2 ~

1    Dated: <u>September 1, 2010</u>           Respectfully submitted by

2

3

4                                 Attorney for Debtor(s)/ Movant(s)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LBR 7026-1

(f) **Sanctions for Failure to Comply with Rule.** In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial order is not filed within the times set forth in subsections (a) or (e), respectively, of this rule, the court may order one or more of the following:

(1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault.

(2) An award of monetary sanctions including attorneys' fees against the party at fault, payable to the party not at fault; and/or

(3) An award of non-monetary sanctions against the party at fault.

Monetary sanctions will be assessed against the party at fault and/or counsel, in the court's discretion. Non-monetary sanctions may include the entry of a judgment of dismissal or the entry of an order striking the answer and entering a default.

(g) **Failure to Appear at Hearing or Prepare for Trial.** The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. DISCOVERY

(a) **General.** Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1) **Notice.** The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2) **Proof of Service.** The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b) **Discovery Conference and Disclosures.**

(1) **Conference of Parties.** Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

(2) **Joint Status Report.** Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

## LBR 7026-1

(c) **Failure to Make Disclosures or Cooperate in Discovery.**

(1) **General.** Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) **Meeting of Counsel.** Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve the discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 10 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) **Motion Papers.** If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) **Cooperation of Counsel; Sanctions.** The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) **Contempt.** LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.